SPRING VALLEY APARTMENTS, INC.,
and Home Savings & Loan Association
of Waterloo, Iowa, Appellees,

v.

CITY OF CEDAR FALLS, Iowa,
Appellant.

No. 2–56532.

Supreme Court of Iowa.

Jan. 22, 1975.

Judd E. Truax, Cedar Falls, for appellant.

Reed, Merner, Sindlinger, Baker & Sabbath, Cedar Falls, for appellees.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

This appeal involves a special assessment levied against three properties in the city of Cedar Falls for the paving of West 31st Street from Hudson Avenue west approximately 1,250 feet to its dead-end terminus.

The trial court substantially reduced the assessments as made by the city council, and the city appeals. We affirm.

Although the suit was originally started in the name of both Spring Valley Apartments, Inc. and Home Savings & Loan Association of Waterloo, only the latter retains any interest in this appeal. We therefore refer herein to the Home Savings & Loan Association of Waterloo as sole appellee.

In this de novo review, the facts are virtually undisputed except as to the ultimate question—the value of the benefits accruing to the assessed property by reason of the improvement to West 31st Street.

The special improvement was authorized by proceedings under Chapter 391A, The Code. It is agreed all formal requirements of that chapter were complied with and it is agreed, too, the assessments levied do not exceed 25% of the value of the property. (§ 391A.27, The Code).

We are faced, then, with this single issue: Do the assessments as made by the city council exceed the special benefits conferred upon the property? This is the test by which plaintiff's obligation is measured under § 391A.26, the pertinent portion of which is here set out:

"*Assessment of Cost.* the total cost of a public improvement, except for that part for which railways are liable or which is to be otherwise paid, shall be assessed against all lots within the assessment district in accordance to the special benefits conferred upon the property thereby and not in excess of such benefits."

A brief statement of the undisputed facts should prove helpful in understanding the dispute between the parties.

In 1970, defendant city undertook a paving project to improve West 31st Street from its intersection with Hudson Road a distance of approximately 1,250 feet west. Prior to this time the area had been set aside for street purposes but had not been brought to grade or otherwise improved in any way. The property abutting West 31st Street on the north for the entire length of this improvement is owned by the State of Iowa and is devoted to use by the University of Northern Iowa. The property abutting West 31st Street on the south, except for approximately 287 feet immediately adjacent to Hudson Road, is owned by plaintiff and for assessment purposes was designated as three separate parcels.

Parcel 16803 is an unimproved lot zoned for commercial purposes with a frontage of approximately 109.3 feet. The assessment on this property amounting to $1,024.00 was left undisturbed by the trial court's decree and no appeal was taken therefrom. We disregard it in our consideration of this appeal.

Parcel 16805 has a frontage of 384 feet and parcel 16801, adjoining parcel 16805 to the west, has a frontage of 470 feet. Together they comprise property upon which the Spring Valley Apartments are partially located.

The remaining tract, parcel 16806, does not abut on West 31st Street. It is within the assessment district but abuts on an improved access road located approximately 200 feet south of West 31st Street. It is unimproved, has a frontage of 156 feet, and is zoned for commercial development.

Spring Valley Apartments is a planned unit housing complex which consists of ten separate buildings containing approximately 220 living units. Not all ten buildings are within the assessment district. Parcel 16801 includes all of two buildings and parts of two others. Parcel 16805 includes three buildings. Access to the apartment area is off Hudson Road, a north-south street already referred to, by way of an improved access road which joins University Drive, a 33-foot asphalt street provided with both curb and gutter. University Drive is a private street, part of the internal street system which was one of the requirements for financing at the time the apartments were built. All of the buildings important to this appeal front on Universi-

ty Drive. West 31st Street runs along the back of these buildings. A paved parking area is provided in back of the buildings and is accessible from University Drive. There are presently no curb cuts from the newly constructed West 31st Street into the parking area, although the parties agree such cuts could be obtained by application to the city council.

Future expansion of the Spring Valley Apartment complex is provided for to the south and, if made, will be serviced by streets and access roads both to the east and south. West 31st Street would be of no importance in servicing this expansion.

■ There is no dispute over the governing principles which must decide this controversy. There is a presumption the improvement authorized by the city was necessary; that some benefit accrued to the assessed property; and that the assessment is correct as made. The burden is on the objector to overcome these presumptions. Mulford v. City of Iowa Falls, 221 N.W.2d 261, 268 (Iowa 1974); Goodell v. City of Clinton, 193 N.W.2d 91, 93 (Iowa 1971).

Of the three parcels involved in this appeal, 16801 and 16805, are considered together because they are adjacent to each other and any conclusion reached applies with equal force to both. Parcel 16806 is considered separately.

Three witnesses testified for plaintiff. They are Garth Huffman, a real estate developer; Robert J. Schreiner, vice-president and secretary of plaintiff corporation; and Russell Hill, a real estate broker and appraiser, who also has experience in developing lands and subdividing it for residential and commercial purposes. The city called only Harold Jensen, its engineer and director of public works, who testified concerning the benefits accruing to plaintiff without any opinion as to their dollar value. Mr. Jensen summarized these benefits as additional access to the property from West 31st Street, the use of 31st Street for curb parking for overflow residents or for short-time visitors, a reduction in dust or noise and maintenance of 31st Street, access for emergency services such as police, fire and ambulance, additional safety and drainage improvement as a result of curbing and gutter, improved driving surface permitting better snow removal and the absence of water puddles or frost from mud and dirt.

Apparently relying on the presumption the assessment is correct as made, the city introduced no evidence of the value of these benefits. Plaintiff, on the other hand, introduced considerable testimony that the benefits accruing were nominal only. Therefore, from an evidentiary standpoint, the city must stand or fall on the presumption, while the plaintiff relies upon the testimony of three witnesses to overcome it.

As we have said in a number of cases, most recently in Mulford v. City of Iowa Falls, supra, 221 N.W.2d at 268, the task of determining what assessment for special improvement is proper is "difficult, complicated and technical," one which has no precise mathematical answer.

From our own independent review of the record, we agree with the trial court's findings. The only benefit accruing to plaintiff on parcels 16801 and 16805 is as a second access to parking area in the rear of the apartments. This was the import of the testimony by plaintiff's witnesses, which fixed the value to plaintiff at $300.00 to $400.00 for each tract.

The city argues the trial court failed to consider future use in arriving at the amount of benefit. See Goodell v. City of Clinton, supra, 193 N.W.2d at 93. The city relies strongly on Beh v. City of West Des Moines, 257 Iowa 211, 220, 221, 131 N.W.2d 488, 494 (1964), which it insists is on "all fours" with the present case.

■ The city finds more comfort in the Beh case than we do. The difficulty is not with the law there announced but with the facts. In Beh we said, as we had before and as we have since, that future potential use should be considered in deciding the benefits accruing to land from a paving

improvement. In that case, there was evidence the "highest and best use" of the property would be for subdivision purposes.

Here we are faced with a record which is silent as to any future use except that to which it is already devoted. Plaintiff's testimony was extensive that "for the next 25 years" the best use of this property would be for apartment houses. The city produced no evidence which would bring this case within *Beh* or other cases announcing similar rules.

As far as parcels 16801 and 16805 are concerned, we believe the trial court correctly held the only benefit to the assessed land was a second access to the parking area at the rear of the apartment buildings.

The circumstances are somewhat different as to parcel 16806. This is an unimproved lot which does not abut on the paved street. It is within the assessment district but fronts on a paved access street located approximately 200 feet south of West 31st Street. It is zoned for commercial development, and the testimony indicates the paving of West 31st Street could be of some importance in the commercial use of this tract, but hardly to the extent reflected by the assessment. The record fully supports the trial court's reduction of the assessment.

The city argues there is no previous case in which assessments made by a city council have been so drastically reduced; but that may be because there has never before been such gross overassessment. Be that as it may, one need only look back a few months for a case in which the reductions ordered in a special assessment case come very close to those here. See Mulford v. City of Iowa Falls, supra, 221 N.W.2d at 264, 265. For another example, we refer to Rood v. City of Ames, 244 Iowa 1138, 60 N.W.2d 227 (1953).

In summary, we hold plaintiff has overcome the presumption that the assessments as made by the city council were correct and not in excess of the benefits conferred upon the assessed property by the paving of West 31st Street. We further hold the assessments as fixed by the trial court represent the value of the benefits conferred on the property by the paving of West 31st Street.

The judgment reducing the assessment on parcel 16801 from $5,253.36 to $525.33; on parcel 16805 from $4,422.46 to $442.25; and parcel 16806 from $1,024.98 to $256.25 is hereby affirmed.

Affirmed.